IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIET LANE, § | | |
|    *Plaintiff,* § | | |
| v. § | CASE NO. _____ | |
| § | | |
| SIEMENS ENERGY INC, § | | |
|    *Defendants.* § | JURY TRIAL DEMANDED | |
| § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**HARRIET LANE**, Plaintiff in the above numbered and styled cause, files her Original Complaint complaining of **SIEMENS ENERGY INC.,** Defendant herein, and in support thereof shows this Court as follows:

This is a suit in law and in equity, authorized and instituted pursuant to Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* (the "FMLA"). The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination, including but not limited to a hostile work environment and termination, based on race (African American), color (Black) and sex (Female) and retaliation for taking protected medical leave.

1

**Venue**

1. Venue is proper in the U.S. District Court for the Southern District of Texas, Houston Division. Venue in this Court is provided for in any district in which the private employer of the person maintains a place of business pursuant to 28 U.S.C. § 1391(b). A substantial part, if not all, of the cause of action accrued or arose in the Southern District of Texas. Defendant maintains sufficient business contacts within the counties comprising the Houston Division. Furthermore, the Plaintiff resided within the Houston Division during the pertinent time period in question.

**Parties**

2. Harriet Lane ("Harriet") is a United States citizen and is currently a resident of Texas, and was a Texas resident during the time in question. At all times material hereto, Harriet was an employee of Defendant, as understood and defined by the FMLA, Title VII and Section 1981.

3. Siemens Energy Inc. is a corporation ("Siemens"). It may be served with this lawsuit by serving its registered agent for service of process, CT Corporation Service Systems Inc., Bryan St., Suite 900, Dallas TX. 75201. At all times material hereto, Defendant was Harriet's employer, as understood and defined by the FMLA, Title VII and Section 1981.

## Facts[1]

4. Harriet Lane (African American Female), began employment as an Internal Auditor with the Siemens on or about November 14, 2014 when Siemens acquired Rolls-Royce Energy Systems, Inc. Prior to that date, since May 2001, Harriet had worked for Rolls-Royce Energy Systems, Inc. At the time of her termination, Harriet held the title of Sr. Business Process Specialist.

5. On or about March 2016, Bill Piatt (Caucasian Male) stated, in a demanding tone to Harriet that her current supervisor, Ayana Browne (African American Female) was leaving and that Harriet would be reporting to him and that they were going to do audits his way. It was at this point that Harriet began to be discriminated against based on her color, race and sex by Mr. Piatt as he began subjecting her to a hostile work environment which included but was not limited to intimidation, bullying and excessive monitoring.

6. On or about July 22, 2016, Mr. Piatt continued to excessively monitor Harriet by questioning who gave her permission to work remotely. Mr. Piatt would constantly interject himself into Harriet's work even though he was not her supervisor. On the same day, Harriet reported Mr. Piatt's harassing behavior to Linda Hubbard (Caucasian Female HR Manager).

7. Throughout the rest of July 2016, Mr. Piatt harassed Harriet about her working remotely, including commenting that if she worked for him he would not allow her to work remotely. Harriet once again advised Ms. Hubbard, via

---

1  These facts are by no means exhaustive.

email, of Mr. Piatt's harassing behavior in July. However, Ms. Hubbard never followed up with Harriet regarding Mr. Piatt's hostile behavior.

8. On or about October 13, 2016, Melissa King (Caucasian Female), who was close friends with Mr. Piatt, told Harriet in an intimidating tone that in order to save Harriet's job Harriet would report to her instead of Mr. Piatt. However, Harriet's work environment did not get any better. Instead, it only worsened. Harriet continued to be subject to a hostile work environment. Harriet continued to report the hostilities and harassment to HR. The company's employment records should reflect the numerous contacts and complaints that Harriet made. Harriet's concerns were never addresses by HR or management. The hostile work environment ultimately affected Harriet's physical and mental health.

9. On or about January 27, 2017, Harriet contacted the Siemens Internal Compliance Hot-line and complained about the ongoing harassment, race and gender discrimination.

10. On or about February 9, 2017, Harriet went on protected short term disability leave as a result of the physical and mental health issues created by the discriminatory and retaliatory hostile work environment. Harriet remained on leave for approximately three months.

11. Harriet returned to full time employment with the company on or about May 22, 2017. On the very same day Harriet returned from leave, protected by the FMLA, she was placed on a performance improvement plan (PIP) and informed that she would be reporting to Mr. Piatt.

12. On or about May 24, 2017, Harriet filed another internal complaint of discrimination and retaliation. Management continued to badger harass and humiliate Harriet after she returned from leave.

13. On or about July 5, 2017, Harriet requested FMLA leave to take care of her son who had suffered a gunshot wound.

14. On or about September 12, 2017, Harriet was removed from the PIP.

15. On or about October 13, 2017, Harriet was informed that her position as an Internal Auditor was eliminated, allegedly due to the sale of Siemen's Springfield, Missouri division.  However, Harriet's position/title was Sr. Business Process Specialist and she was based out of Houston.  Harriet's last audit with Springfield was in July 2016. However, Brad Monroe (Caucasian Male), Kimberly Long (Caucasian Female) and other hired Consultants continued to assist Springfield. However, they were not laid off or their positions eliminated even though they actually supported Springfield. Harriet was summarily terminated as a result of ongoing discrimination and retaliation.

16. Siemens' actions were willful.

## CAUSES OF ACTION

17. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

**Race, Color, Sex Discrimination and Retaliation under Title VII**

18. Defendant has intentionally discriminated against Plaintiff in violation of Title VII based on race (Arab/Egyptian) and national origin (Egypt), engaged in a hostile work environment based on race color and sex, and terminated

5

      Plaintiff due to her race, color and sex.

19. Plaintiff opposed discriminatory conduct that was in violation of Title VII. Specifically, she complained of discrimination and was unlawfully terminated and subject to an increasingly hostile work environment after she made her discrimination complaints.

20. As a result of Siemens' actions in violating the provisions of Title VII as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the in the future.

**Race Discrimination and Retaliation under Section 1981**

21. Defendant has intentionally discriminated against Plaintiff in violation of Section 1981 based on race (Arab/Egyptian) and, engaged in a hostile work environment based on race and terminated Plaintiff due to her race.

22. Plaintiff opposed discriminatory conduct that was in violation of Section 1981. Specifically, she complained of discrimination and was unlawfully terminated and subject to an increasingly hostile work environment after she made her discrimination complaints.

23. As a result of Siemens' actions in violating provisions of Section 1981 as described herein, Plaintiff has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the in the future.

**Violation of the FMLA**

24. Harriet was eligible for FMLA leave of absence. The fact that Harriet took

FMLA leave was a motivating and causal factor in the discriminatory employment decisions the Defendant made regarding Harriet. Specifically, Harriet took FMLA leave and was unlawfully terminated only a few months later.

25. As a result of Siemens' willful actions, Harriet has suffered damages in the past and will suffer damages in the future.

## DAMAGES

26. Plaintiff seeks actual damages, including but not limited to lost wages and benefits.

27. As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to her professional reputation, all to her detriment and compensable at law. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

28. Plaintiff seeks liquidated damaged under the FMLA.

29. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

30. The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully

discriminate against employees for taking protected medical leave and on the basis of their race, color, sex and otherwise adversely affect their status as employees because of same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i. Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race, color and sex, or otherwise deprive Plaintiff of her rights and privileges secured by Federal Law.

ii. Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of her rights protected by Section 1981 Title VII and the FMLA.

iii. Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiff, as authorized by statute.

iv. Order the Defendant to pay Plaintiff compensatory damages.

v. Order the Defendant to pay Plaintiff punitive damages.

vi. Order the Defendant to pay Plaintiff liquidated damages under the FMLA.

vii. Order front pay for Plaintiff, who has been discharged, in lieu of reinstatement, if reinstatement is not feasible.

vii. Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

viii. Grant Plaintiff her costs incurred herein, and as part of such costs, reasonable Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

Respectfully submitted,

By: /S/ Ashok Bail
ASHOK BAIL
The Bail Law Firm, PLLC
STATE BAR #24043541
3120 Southwest Freeway, Suite 450
Houston, Texas 77098
(832) 216-6693 (Tel)
(832) 263-0616 (Fax)
ashok@baillawfirm.com

ATTORNEY FOR PLAINTIFF